UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : | |
| | : | Civil Action No. 22-cv-2257 |
| Plaintiff, | : | |
| v. | | |
| | : | |
| ADVANTIX LOGISTICS CORP., | | **COMPLAINT** |
| | : | |
| Defendant. | | |

-----------------------------------------------------------------

Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"), to restrain Defendant ADVANTIX LOGISTICS CORP. ("Advantix") from retaliating against Isaias Lopez and other current and former employees, in violation of section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and to redress prior violations. Mr. Lopez engaged in protected activity by complaining to his supervisor that he was not receiving the pay that he was entitled to under the FLSA. In response, Advantix terminated Mr. Lopez's employment and made threats against him. Mr. Lopez continues to feel threatened by Advantix's retaliatory conduct.

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Advantix retaliated against Mr. Lopez and has threatened him since he made his complaints about pay, the Secretary seeks from this Court an order enjoining Advantix and those acting on its behalf from violating section 15(a)(3) of the FLSA through any further intimidation, threats, harassment, or other adverse action against Mr. Lopez and other

current and former employees as a result of their protected activity under the Act. The Secretary also seeks compensatory and punitive damages for Defendant's flagrant violations to date.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the District of New Jersey because Defendant's principal place of business is in New Jersey, and a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b)(1), (2).

## FACTUAL ALLEGATIONS

### Parties

3.      Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and is the proper plaintiff for this action.

4.      Defendant ADVANTIX LOGISTICS CORP. is a corporation organized under the laws of the State of New Jersey having its principal office and place of business at 104 Ridge Road, Lyndhurst, New Jersey 07071, within the jurisdiction of this court.  Defendant Advantix contracts with clients to supply employee labor to perform work such as warehouse services.

5.      On or about December 15, 2021 the Secretary's representatives provided Advantix with written notice that the FLSA prohibits retaliation against employees who have filed complaints, and that prohibited retaliation includes discharge. The Secretary's written notice included a statement that the Secretary of Labor may file suit for relief, including for damages, in the event that adverse action is taken against an employee for engaging in protected activity.

## Mr. Lopez's Work for Advantix

6.     Mr. Lopez began working for Advantix on or about September 26, 2021.

7.     Mr. Lopez was hired by an Advantix supervisor he knows as Gladis.

8.     Mr. Lopez performed work for Advantix including packing, unloading, and moving boxes, and loading materials onto pallets.

9.     When his employment with Advantix started, Advantix initially assigned Mr. Lopez to perform work at a warehouse maintained by Americold Logistics LLC ("Americold") located in Middleboro, Massachusetts.

10.     Advantix later assigned Mr. Lopez to work at other Americold warehouses, including in Taunton, Massachusetts, South Plainfield, New Jersey, and Piscataway, New Jersey.

11.     Mr. Lopez's work performed for Advantix in New Jersey began in approximately January 2022.

12.     While employed by Advantix, Mr. Lopez routinely worked well in excess of 40 hours per week—often upwards of 60 hours or more per week.

## Mr. Lopez's Complaints About Pay

13.      Mr. Lopez's paychecks from Advantix were frequently in amounts less than he understood he was supposed to be paid.

14.     On several occasions when his paychecks appeared incorrect, Mr. Lopez complained to his supervisor Gladis about not being paid properly, including not being paid for all the hours he worked.

15.     Gladis would respond to Mr. Lopez that she needed to talk to her boss, who she referred to as "Dan" or "Don."

3

16.     As just one example of Mr. Lopez's complaints to Advantix, on January 28, 2022, Mr. Lopez complained to Gladis that he had not been paid for eight hours of work, plus additional missing pay corresponding to unloading a particular container.

17.     As another example, on February 5, 2022, Mr. Lopez complained again to Gladis that his paychecks were missing additional unpaid hours.

**Advantix's Retaliation Against Mr. Lopez**

18.     On the morning of February 10, 2022, Gladis called Mr. Lopez and told him that there was no more work for him and that he was being fired.

19.     When Mr. Lopez asked Gladis why he was being fired, she told him that her boss "Dan" or "Don" had made that decision.

20.     On February 11, 2022, Mr. Lopez sent a text message to Gladis informing her that his last paycheck was missing 16 hours of work and that he was also owed hours from prior paychecks and asked that she discuss it with her boss.

21.     On February 11, 2022, Mr. Lopez also wrote in the text message to Gladis that he was planning to seek advice from a lawyer since the company had not paid him properly since the last week he had worked in Massachusetts.

22.     Later in the day on February 11, 2022, "Dan/Don" called Mr. Lopez and asked if Mr. Lopez had been complaining about his paychecks being incorrect. When Mr. Lopez answered affirmatively, Dan/Don asked Mr. Lopez how he knew his checks were wrong. Mr. Lopez explained that he had been keeping track of his own hours. At that point, Dan/Don made a threat against Mr. Lopez.

23.     On information and belief, Dan/Don is an employee of Avrio Logistics Inc. ("Avrio").

24.     Avrio and Advantix have a common President and CEO.

25.     Avrio has held itself out to the public as a business that, along with Advantix and another company, are "unite[d] under one operating umbrella."

26.     On information and belief, as recently as the week of April 11, 2022, Advantix reminded at least one worker who complained about pay that Advantix had previously terminated a worker who had frequently complained about underpayment. On information and belief, the terminated worker that Advantix referred to was Mr. Lopez.

27.     Advantix (including those acting in concert with Advantix) took these adverse actions despite the fact that Advantix was notified in writing by the Secretary's representatives on or about December 15, 2021, and again on or about March 15, 2022, that the FLSA prohibits retaliation against employees who engage in protected activity such as complaining about their pay.

## **FIRST CAUSE OF ACTION**

### **(Violation of Section 15(a)(3) of the Act, Retaliation Against Employees)**

28.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 27 of the Complaint.

29.     Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint . . . under or related to this chapter [8 of the FLSA]." 29 U.S.C. § 215(a)(3).

30.     Advantix has violated Section 15(a)(3) by terminating Mr. Lopez's employment and threating him because he engaged in the protected activity of complaining to his supervisor that he was not being paid for all hours worked.

31.     By engaging in the conduct set forth above, Advantix has violated section 15(a)(3) of the Act, by retaliating and discriminating against an employee for engaging, or preparing to engage, in activity that is protected by the Act, specifically complaining about not being paid properly.

32.     As a result of Advantix's actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as complaining about pay and/or cooperating with an investigation by the Secretary into violations of the FLSA.

33.     On information and belief, by engaging in the conduct set forth above, Advantix continues to violate section 15(a)(3) of the Act, by retaliating and discriminating against one or more employees for engaging, or preparing to engage, in activity that is protected by the Act, including but not limited to complaining about not being paid properly.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendant providing the following relief:

1.     An injunction issued pursuant to section 17 of the Act permanently restraining Advantix, its officers, agents, employees, and those persons in active concern or participation with Advantix, from violating the provisions of section 15(a)(3) of the Act, including by terminating or threatening to terminate and/or lay off, intimidating, coercing, threatening, or retaliating or discriminating in any other way against any current or former employee, because the employee engaged in protected activity under the FLSA;

2.      An injunction pursuant to section 17 of the Act requiring that at least seven days prior to any termination of any employee for any reason, Advantix shall provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

3.      For an Order awarding compensatory and punitive damages to Isaias Lopez for unlawful retaliation in violation of section 15(a)(3) of the Act;

4.      For an Order awarding Plaintiff the costs of this action; and

5.      For an Order granting such other and further relief as may be necessary and appropriate.

DATED:      April 18, 2022
            New York, New York

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor

                              */s Susan Jacobs*
                              SUSAN B. JACOBS
                              JASON E. GLICK
                              Senior Trial Attorneys

                              U.S. Department of Labor
                              Office of the Solicitor
                              201 Varick Street, Room 983
                              New York, NY 10014
                              Tel: 646.264.3687 / 646.264.3664
                              Glick.Jason@dol.gov
                              Jacobs.Susan@dol.gov
                              NY-SOL-ECF@dol.gov

                              *Attorneys for Plaintiff Martin J. Walsh,*
                              *Secretary of Labor*

7